Countrywide Home Loans, Inc. v Connors (2022 NY Slip Op 03706)

Countrywide Home Loans, Inc. v Connors

2022 NY Slip Op 03706

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-04237
 (Index No. 32541/08)

[*1]Countrywide Home Loans, Inc., respondent,
v
Maria E. Connors, appellant, et al., defendants.

Mildred J. Michalczyk, East Farmingdale, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria E. Connors appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated October 5, 2018. The order granted the plaintiff's unopposed motion for leave to discontinue the action and to cancel the notice of pendency.
ORDERED that appeal is dismissed, without costs or disbursements, as the defendant Maria E. Connors is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TVB, Inc., 76 AD3d 144).
On April 13, 2005, the defendant Maria E. Connors (hereinafter the defendant) executed a note in the sum of $270,400 in favor of nonparty GreenPoint Mortgage Funding, Inc. (hereinafter Greenpoint). The note was secured by a mortgage on certain real property located in Nassau County.
On August 22, 2008, Countrywide Home Loans, Inc. (hereinafter Countrywide), GreenPoint's successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. Exactly 10 years later, on August 22, 2018, Countrywide moved for leave to discontinue the action and to cancel the notice of pendency. In an affirmation in support, Countrywide's counsel averred that the defendant was in default. The defendant did not oppose Countrywide's motion. In an order dated October 5, 2018, the Supreme Court granted Countrywide's motion, and the defendant appeals.
The defendant is not aggrieved by the order discontinuing the action to foreclose the mortgage. "[A] person is aggrieved [within the meaning of CPLR 5511] when he or she asks for relief but that relief is denied in whole or in part[, or] when someone asks for relief against him or her, which the person oppose[d], and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis omitted]). Since the defendant is not aggrieved by the order appealed from, her appeal must be dismissed.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court